IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ERLINDA MARTINEZ, *on behalf of* T.P., a minor, | § § § § |
| Plaintiff, | § § |
| v. | §  2:12-CV-049 |
| CAROLYN W. COLVIN, Commissioner of Social Security, | § § § § |
| Defendant. | § |

**REPORT AND RECOMMENDATION
TO REVERSE DECISION OF THE COMMISSIONER AND TO REMAND THE CASE**

Plaintiff ERLINDA MARTINEZ acting on behalf of T.P., her grandson, who is a minor (Plaintiff), brings this cause of action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of defendant CAROLYN W. COLVIN, Commissioner of Social Security (Commissioner), denying T.P.'s application for supplemental security income benefits. For the reasons set out herein, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be REVERSED and the case be REMANDED for action consistent with this Report and Recommendation.

I.
BACKGROUND

Plaintiff applied for disability insurance benefits on February 7, 2007. (Transcript [hereinafter Tr.] 128). He alleged disability due to attention deficit hyperactivity disorder (ADHD). (*Id.* 150). The Commissioner, finding plaintiff suffers from ADHD and a speech disorder, denied

benefits initially and upon reconsideration. (*Id.* 87, 88). Upon plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on plaintiff's application. (*Id.* 104-05). The ALJ denied benefits. He found at step one of the three-step sequential analysis employed in analyzing a claim for disability benefits by a child that plaintiff had not engaged in substantial gainful activity. (*Id.* 45). At step two, the ALJ found plaintiff suffers from the severe impairment of ADHD. (*Id.*). At step three, the ALJ held plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (*Id.*); *see* 20 C.F.R. Part 404, Subpart P, Appendix 1.

Plaintiff appealed the ALJ's decision to the Appeals Council, which initially denied review. (Tr. 21, 36). He then petitioned for a rehearing based upon additional medical evidence which was not available until one month *after* the ALJ's decision. The Appeals Council granted plaintiff's request, in part. It set aside its first determination "to consider additional information." (*Id.* 1). However, it once again summarily denied plaintiff's request for review of the ALJ's decision, without any explicit discussion of the new evidence. (*Id.*). The instant federal claim, based on 42 U.S.C. § 405(g), followed the Appeals Council's second denial.

## II.
## ISSUE PRESENTED

Plaintiff presents a single, but two-pronged, issue: (I) the Appeals Council failed to properly consider the opinion of a treating physician, i.e. the new medical evidence submitted upon appeal, and (ii) the new evidence dilutes the record upon which the ALJ's decision is based so much so that the ALJ's decision is not substantially supported.

III.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980).

IV.
MERITS

Plaintiff contends the Appeals Council failed to properly consider the opinion of a treating physician in the form of new and pertinent medical evidence regarding the impact of plaintiff's ADHD on his day-to-day functioning and that such a failure rendered the ALJ's decision without substantial evidentiary support.

A. *Evaluation by the Appeals Council of a Disability Claim Brought on Behalf of a Child*

For a child under the age of eighteen, the Act defines disability as "a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). For a child to be disabled under the meaning of the Act, the child must: (1) not be engaged in substantial gainful activity; (2) have an impairment that is "severe"; and (3) have an impairment that "meets, medically equals, or functionally equals" the impairments listed in the disability regulations. 20 C.F.R. § 416.924(a)–(d). Under the regulations, if a child's impairments do not meet or medically equal a listing, the Commissioner will make a determination whether the impairments functionally equal the listing. 20 C.F.R. § 416.926a(a). To functionally equal a listing, the impairments "must be of listing-level severity: i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* The six domains of functioning used in this analysis are as follows:

1. Acquiring and using information.

2. Attending and completing tasks.

3. Interacting and relating with others.

4. Moving about and manipulating objects.

5. Caring for yourself.

6. Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). A physician, either a treating physician or a state agency physician or both, provide the ALJ with statements as to how a child's mental problems impact each of these domains.

"Ordinarily the opinion, diagnoses, and medical evidence of a treating physician . . . [are] accorded considerable weight in determining disability." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (internal quotation omitted). The Commissioner requires a treating physician's opinion as to the nature and severity of a patient's impairment be given controlling weight if it is "well

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. § 404.1527(c)(2). In instances where the claimant's treating physician has submitted a report on the claimant's condition, the ALJ is required to recognize the report and explain the weight given to it. Even if a treating doctor's opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Soc. Sec. Ruling 96-2p, 1996 WL 374188 at * 4 (July 2, 1996). In fact, the Commissioner has established that the *adjudicator* of a claim (not just the ALJ, but any entity adjudicating a claim for benefits oh behalf of the Commissioner)

> will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s). Therefore . . . [w]hen the determination or decision . . . is not fully favorable, e.g., is a denial . . . the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Id.* at * 4-5. Not only does this Social Security Ruling discuss the detailed level of review its adjudicators must give to treating doctors' opinions, but the Social Security Code also mandates the Appeals Council must afford treating doctors' opinions the same level of review required of an ALJ. 20 C.F.R. § 404.1527(e)(3).

The review required of the Appeals Council applies with equal force when the Commissioner receives a treating doctor's opinion after the ALJ's determination but before the Appeals Council's determination. The Appeals Council must "consider[] the relevance of the new evidence to [the claimant's] complaints of pain, as well as its relevance to [the complaint's] exertional limitations,

and it should [make] sufficient new findings . . . concerning the credibility of those complaints as bolstered by the new evidence." *Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985).

### B. Evaluation by the Appeals Council of Plaintiff's Claim

Plaintiff suffers from the severe impairment of ADHD. (Tr. 45). The record before the Court indicates plaintiff saw Dr. Gerald Rogers, a counselor, for treatment of his ADHD. While the full records are not included in the evidence before the Court, it appears, based upon reference to earlier sessions in the reports that are included in the administrative record evidence, that Dr. Rogers met with plaintiff several times in January 2007 and on unspecified dates subsequent to January 2007. Dr. Rogers's reports are the only medical reports before the Court of any mental health counselor who treated plaintiff, in person, for his mental health issues. In December 2008, Dr. Rogers wrote a "Treatment Summary," which is a very brief letter setting forth that Dr. Rogers diagnosed plaintiff with ADHD; plaintiff was on medication for the disorder; but even with the medication, "there continue[d] to be significant impairment in his school performance, in his home environment, and in his social relationships." (*Id.* 266).

In his decision, the ALJ summarized the December 2008 letter from Dr. Rogers, but he did not rely on it in making any detailed findings as the letter did not speak to the specific impacts ADHD had on plaintiff's day-to-day functions. (*Id.* 47, 266). On its face, the letter is simply too short to provide much insight into the counselor's treatment of plaintiff or the disorder's impact on plaintiff. There was nothing in the record before the ALJ from a treating physician discussing plaintiff's day-to-day functioning.

In June 2009, however, approximately one month *after* the ALJ issued his decision, Dr. Rogers completed a "Medical Assessment of Functional Limitations in Child (School-Age

Children)."[1] (*Id.* 267-69). In the assessment, which consists of approximately two-and-a-half pages of checked boxes, Dr. Rogers's delves into the day-to-day functional limitations caused by plaintiff's ADHD. (*Id.*). Dr. Rogers opines plaintiff suffers from marked limitations in several sub-categories of the six domains relied upon in making disability determinations. (*Id.* 267-68). In his overall assessment of plaintiff, Dr. Rogers indicates plaintiff is markedly impaired in his ability to acquire and use information (domain 1) and in his ability to interact and relate to others (domain 3). (*Id.* 269). He also indicates plaintiff suffers from an extreme limitation in the domain of attending and completing tasks (domain 2). (*Id.*). Considering that a child's disability will functionally equal the listings if it results in marked limitations in two domains of functioning *or* an extreme limitation in one domain, Dr. Rogers's report (if accepted) would seem to qualify plaintiff, on both bases, for benefits. Dr. Rogers's findings related to plaintiff's functioning in these domains flatly contradicts the ALJ's findings, which, of course, were made by the ALJ without the benefit of Rogers's second report. Specifically, where Dr. Rogers said plaintiff suffers from extreme limitations in attending and completing tasks (domain 2) (Tr. 269), the ALJ held plaintiff has less than marked limitations in that domain (*Id.* 49). The ALJ held plaintiff has less than marked limitations in acquiring and using information (domain 1) and interacting and relating to others (domain 3). (*Id.* 48, 49). As indicated above, however, Dr. Rogers found plaintiff to suffer from marked limitations in both areas. (*Id.* 269).

In its denial of plaintiff's request for review, the Appeals Council gave no explanation for its apparent rejection of Dr. Rogers's report. Rather, it included the same language which is routinely used in Appeals Council's denials: "In looking at your case, we considered the reasons

---

[1] Statements of plaintiff's attorney at the hearing before the ALJ indicate plaintiff had some difficulty in obtaining his records from Dr. Rogers. (Tr. 58).

you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (*Id.* 2). The only "additional evidence" listed on the referenced "Order of Appeals Council" is Dr. Rogers's June 2009 report. (*Id.* 4).[2]

The Appeals Council's failure to specifically address Dr. Rogers's report was error, especially when Dr. Rogers appears to have been plaintiff's *only* treating doctor and his June 2009 assessment was the only detailed assessment of plaintiff's functioning by a treating doctor. *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (holding "absent reliable medical evidence from a treating or examining specialist controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)"). The Appeals Council, held to the same level of review as the ALJ, should have either remanded the case to the ALJ or should have thoroughly discussed Dr. Rogers's assessment. Its denial, however, did not contain any discussion whatsoever of the six 20 C.F.R. § 404.1527(d) criteria in considering Dr. Rogers's assessment. *See id.*; *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (reciting that the Commissioner is not allowed to pick and choose the evidence upon which her determination is made without a detailed discussion of her reasons for doing so). Dr. Rogers's opinion should have been "accorded considerable weight." *Scott*, 770 F.2d at 485. What weight, if any, it was given is not reflected. Any denial of benefits should have "contain[ed] specific reasons for the weight given to the treating source's medical opinion . . . and be[en] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and

---

[2] Also listed was Exhibit 9E, a brief from plaintiff's attorney. That brief is not considered evidence.

the reasons for that weight." *See* Soc. Sec. Ruling 96-2p at \*4-5. Anyone reviewing the denial can conclude the Council did not give much, if any, weight to Dr. Rogers's assessment, and is left wondering why such little weight was afforded to the assessment. With the submission of significant new evidence should have come "new findings" by the Council. *See Carry*, 750 F.2d at 486. The Appeals Council's summary denial contained nothing of the sort. In sum, the Appeals Council's boilerplate denial failed to meet the requirements of the Social Security Code, Social Security Rulings, and well-established caselaw. This Court joins with other courts of the district in finding the boilerplate, conclusory language of the Appeals Council's denial in cases such as this one involving new evidence from a treating physician is insufficient to comply with the Council's duties of review. *See Stevenson v. Astrue*, 3:07-CV-269, 2008 WL 1776504 (N.D.Tex. (Dallas Division) Apr. 16, 2008); *Green v. Astrue*, 3:07-CV-291, 2008 WL 3152990 (N.D. Tex. (Dallas Division); *Stewart v. Astrue*, 7:07-CV-952, 2008 WL 4290917 (N.D. Tex. (Wichita Falls Division) Sept. 18, 2008); *see also Jones v. Astrue*, Civ. Atn. No. H-07-4435, 2008 WL 3004514 (S.D. Tex.). Plaintiff's contention that the Appeals Council failed to properly consider the opinion of a treating physician in the form of Dr. Rogers's June 2009 assessment is valid.[3]

 *C. The Commissioner's Findings are no Longer Supported by Substantial Evidence*

  The Fifth Circuit has warned against remanding cases based on new evidence presented to

---

[3]The Commissioner contends the Appeals Council's summary, boilerplate denial was proper because the report was dated a month after the ALJ's determination and consequently did not relate to the pertinent time period. *See* 20 C.F.R. § 404.970(b). First, if this were the reason for the denial, it is difficult to conceive of why the Appeals Council would set aside its first determination to review clearly irrelevant evidence. Moreover, in its second denial, the Appeals Council did not state the evidence submitted was not relevant to the time period in question, but rather indicated it had considered the additional evidence, which suggests a review (albeit insufficient) of the report on the merits. (Tr. 2). Additionally, in his 2009 report, Dr. Rogers's specifically states the listed limitations began before plaintiff turned seven (which would have been at least in 2006, before the February 2007 onset date). He also referenced his December 11, 2008 findings. Clearly, Dr. Rogers's findings cover the relevant time period, and the Commissioner's contention otherwise is meritless.

the Appeals Council without meaningful regard for the substantial evidence standard. *See Jones v. Astrue*, 228 Fed.Appx. 403, 406-07, 2007 WL 1017095 at *3 (5th Cir. Mar.29, 2007); *Higginbotham v. Barnhart*, 163 Fed. Appx. 279, 281-82, 2006 WL 166284 at *2 (5th Cir. Jan. 10, 2006). "If additional evidence is presented while the case is pending review by the Appeals Council, courts [] customarily review the record as a whole, including the new evidence, in order to determine whether the Commissioner's findings are still supported by substantial evidence." *Higginbotham*, 2006 WL 166284 at *2. Remand is appropriate when the new evidence dilutes the record to such an extent that the ALJ's decision become insufficiently supported. *Lee v. Astrue*, No. 3:10–CV–155, 2010 WL 3001904, at *7 (N.D.Tex. July 31, 2010) (citing *Higginbotham*, 163 Fed. Appx. at 281–82).

In this case, Dr. Rogers is the only professional counselor (apart from a school counselor completing a review for an Admission, Review, and Dismissal meeting and a speech therapist) to have interacted with plaintiff. Apart from plaintiff's speech therapist, Dr. Rogers appears to be the only doctor who had an extended counseling and treatment history with plaintiff. Dr. Rogers treated plaintiff several times in January 2007, wrote a brief "Treatment Summary" of plaintiff's progress in December 2008, and completed the detailed assessment of plaintiff in June 2009. Clearly, the doctor has an ongoing treatment relationship with plaintiff, and he appears to be the only doctor who had such a relationship.

Not only is Dr. Rogers's June 2009 assessment the only assessment by a treating physician, but it is diametrically opposed to several key areas of the ALJ's decision. (*Compare* Tr. 48 *with* Tr. 269). As discussed above, if given controlling weight Dr. Rogers's opinion would qualify plaintiff for benefits twice over. Contrary to the Commissioner's assertion that Dr. Rogers's June 2009 report added little substance to the record, because it was in a checked-box form, the explanations offered by Dr. Rogers in the 2009 report added a break down plaintiff's day-to-day functioning that

is found no where else in the record, in any other form. *See Stevenson*, 2008 WL 1776504 at *3 (pointing out that "there is no authority that requires the court to reject a medical opinion merely because it is in checklist form").

In sum Dr. Rogers's report, and its cursory rejection by the Appeals Council, so dilutes the record that the validity of the Commissioner's determination becomes questionable. *See Higginbotham*, 163 Fed.Appx. at 281-82; *see also Jones v. Astrue*, 228 Fed. Appx. 402 (5th Cir. 2007) (indicating that when a treating source provides new evidence that directly "contradict[s] earlier evidence," the Commissioner must "weigh" the new evidence light of the entire record); *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (holding when the Commissioner "fails to take into account all the evidence," her decision is unsupported by substantial evidence). This Court may not evaluate Dr. Rogers's assessment, the credibility or weight it should be afforded, or the medical evidence relied upon for its creation. That power lies exclusively with the Commissioner. Therefore, remand of the case for proper and detailed consideration of Dr. Rogers's 2009 assessment is warranted.

## V.
## RECOMMENDATION

For all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the Commissioner finding plaintiff ERLINDA MARTINEZ on behalf of T.P., a minor, not disabled and not entitled to disability benefits be REVERSED and the case be REMANDED for administrative action consistent with this Report and Recommendation.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of March, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).